# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

FOURTH DISTRICT—AUGUST TERM, 1891.

## Hopkins Loudon v. Robert H. Mullins, The Mullins Fluor Spar and Lead Mining Co. et al.

1. NUISANCES—*When Notice to Remove is Necessary.*—A person who comes into possession as grantee of land upon which there is a nuisance is not liable for merely permitting it to remain, until he has been notified or requested to remove it.

2. LIS PENDENS — *Who Are Purchasers.*—Where litigation relates merely to a moneyed indebtedness or the contention is over a mere demand for money, as in an action of trespass *quare clausum fregit,* there is no such *lis pendens* as will charge the property with the final judgment or decree in the case.

3. PROPOSITIONS OF LAW.—*Must be Submitted in Apt Time.*—Propositions of law submitted to the court for the first time upon the hearing of the motion for a new trial are properly rejected as not presented in apt time.

4. TRIALS—*Province of the Court When Acting in the Place of a Jury.*—It is the province of the trial court acting in the place of a jury to determine the weight and credit which ought to be given to the testimony of the several witnesses and give credit accordingly, and the Appellate Court will not disturb or set aside the finding, unless it is apparent the court misunderstood or disregarded material evidence introduced on the trial.

**Memorandum.**—Action for damages caused by flooding mines with water. Appeal from the Circuit Court of Hardin County; the Hon. R. W. McCARTNEY, Judge, presiding. Heard in this court at the August term, 1891, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

(410)

W. S. MORRIS, attorney for appellant.

J. S. BUCHANAN and C. BUCHANAN, attorneys for appellees.

GEORGE DENISON, attorney for Robt. H. Mullins and the Mullins Fluor Spar and Lead Mining Co.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Appellant, claiming to be the owner and in possession of a tract of land containing about twenty-six acres, brought this suit to recover damages alleged to have resulted from a large quantity of water flooding his mines of spar on said tract, and compelling him to abandon the working thereof or to incur great expense in getting the water out, and putting said mines in working condition. Such flooding it is alleged was caused by high water and floods of the Ohio river that entered the mouth of a tunnel, dug and opened in January, 1888, by E. C. Johnson and others, tenants of The Good Hope Lead and Spar Company. There are no propositions of law submitted to the trial court necessary for us to consider and pass upon as we understand the record, because although that court was requested to hold certain written propositions to be the law, such request was not made in apt time. The cause was tried by the court, a jury being waived, and the trial commenced December 9, 1890, at which time appellant and appellees appeared by their respective attorneys. On December 12th the evidence was all in, and it was then agreed by the parties that the judge should hear arguments in chambers in vacation, decide the case and render judgment, and cause said judgment to be entered in the records in vacation. In accordance with this agreement and on December 29, 1890, the attorneys for the appellant and appellees appeared before the judge at chambers in vacation and argued the case. The court found the plea of the general issue was sustained, and that defendants were not guilty; that the plea of *liberum tenementum* was not sustained, and adjudged costs against plaintiff. On the same day the court made the order directing the clerk to enter the foregoing proceedings upon the records of the

court, and the same was done December 30, 1890. On January 9, 1891, plaintiff filed his motion "to set aside the finding and decision of the court and its verdict herein."

On June 9, 1891, it being one of the days of the April term, the motion was argued and overruled, and at the same time certain written propositions were submitted on behalf of plaintiff and the court was requested to hold the same to be the law. Indorsed upon the back of the paper upon which these propositions were written appears a statement signed by the judge, that they were presented to the court at the time of the argument of the motion, and were not presented on the trial of the cause. The court, therefore, held said propositions were not presented in apt time, and declined to pass upon them. In our judgment this action of the court was proper, and the error assigned, predicated upon this ruling, is not well assigned. Sec. 42 of the Practice Act provides, in all cases in any court of record of this State, if both parties shall agree, both matters of law and fact may be tried by the court, and upon such trial, either party may, within such time as the court may require, submit to the court written propositions, to be held as the law in the decision of the case, upon which the court shall write "held" or "refused" as he shall be of opinion is the law, or modify the same, to which either party may except as to the opinion of the court. This court in the case of C. W. L. & P. Co. v. City of Carlyle, 31 Ill. App. Rep. 325, in construing this section, held:

If the propositions were not presented during the trial, and not until after the court had heard the evidence and arguments of counsel and made the findings, such propositions came too late. The aid the court might have received from the propositions if submitted in proper time, had been lost. Our construction and ruling in that case, we think, was right, and no good reason has been furnished us for receding from it. The only material question remaining to be determined is, did the court err in finding defendants not guilty? We have examined the record as requested by counsel, and find the evidence sharply conflicting as to

whether the water coming in the tunnel and drift dug by the tenants, before mentioned, entered and flooded plaintiff's mine as complained of, either directly or by percolation or infiltration; or whether the flooding and filling up of said mine was caused by water flowing and entering therein from other sources. It was the province of the trial court, acting in the place of a jury, to determine the weight and credit which ought to be given to the testimony of the several witnesses and give credit accordingly. This we assume was done and the conflict in evidence settled in favor of appellees, and we will not disturb or set aside the finding unless it is apparent the court misunderstood or disregarded material evidence introduced on the trial. This is not the case, but we are of opinion the court was justified by the evidence in finding that the injury complained of resulted from water entering plaintiff's mine from sources other than said tunnel and drifts and entirely disconnected therefrom, and therefore properly found defendants not guilty. Having reached this conclusion, further remarks are perhaps unnecessary, but we will add that upon another ground plaintiff could not maintain this suit.

It is not claimed that the defendants dug, or caused to be dug, the tunnel complained of, or that it was dug, or caused to be dug and opened by "The Good Hope Lead and Spar Company," or its grantee, or by subsequent owners through whom, by mesne conveyances, the appellee corporation deraigned title to the premises upon which said tunnel was dug and opened, but it is for the maintaining the same as a nuisance on said premises by appellee, that damages are claimed. No notice was given them to abate or discontinue the nuisance, if it was such. A person who comes into possession as grantee of land upon which is a nuisance, is not liable for merely permitting it to remain, until he has been notified or requested to remove it. Groff v. Ankenbrandt, 19 Ill. App. Rep. 148, and cases there cited; Tenter v. T. St. L. & K. C. R. R. Co., 29 Ibid. 250; Groff v. Ankenbrandt, 124 Ill. 51. In the opinion in the latter case it is said, quoting the language in Johnson v. Lewis, 13 Conn.

303, "A plaintiff ought not to rest in silence and presently surprise an unsuspecting purchaser by an action for damages, but should be presumed to acquiesce until he requests a removal of the nuisance." So in Angell on Water Courses, Perkins' 6th Ed., Sec. 403, it is said, where the party is not the original creator of the nuisance, he must have notice of it, and a request must be made to remove it, before any action can be brought. Counsel for appellant contend, however, that appellees were purchasers *lis pendens*, and had adopted the acts of their predecessors, and therefore a formal notice and request to remove the nuisance was unnecessary. The court was justified in finding from the evidence that appellees did not continue the use of the tunnel but caused it to be stopped up and closed with a bulkhead, constructed in a substantial manner by Hamilton, a witness for appellant, thus evidencing a purpose to abandon its use and to refuse to adopt it as a way to enter and work the mines on their premises. Nor did George G. Mullins, grantee of the lessor, take or hold possession under said tenants, or step in their shoes. He testified he did not purchase the lease; that he waited two weeks on Johnson (then sole lessee) rather than buy the property, unless he would let his lease expire; that the day before he bought, Johnson told him he had surrendered the lease and would take employment as agent for him, said Mullins. We are of opinion also, that, under the facts proven, the doctrine of *lis pendens* has no application. The contention that it has, is based upon the fact that defendants bought and took possession of their premises while a suit was pending brought by appellant against said tenants.

This suit was trespass *quare clausum fregit* for breaking and entering and removing spar from plaintiff's close, adjoining the premises of appellees. Judgment against defendants was entered, which was paid; no damages were claimed or allowed for flooding of plaintiff's mine. Neither appellees, George G. Mullins, or his grantor, The Good Hope Company, were parties to that suit, nor are appellees privies in estate with said defendants. That being so, notwith-

standing the purchase was made during the pendency of said suit, they were not affected with notice. Entertaining the view before expressed, that there was sufficient evidence to warrant the court in finding defendants not guilty, and that plaintiff could not maintain his suit for the reason he failed to notify them and request the removal or discontinuance of the alleged nuisance, it follows that we hold the judgment should be and the same is affirmed.