## Luthy & Co. and Ogden P. Bourland v. George F. Kline.

1. JUDGMENTS—*Sufficiency in Action of Replevin.*—A judgment in the following words and figures: "Now, on this day it is ordered by the court that this cause be, and the same is, hereby dismissed for want of prosecution; it is therefore considered and ordered by the court that a writ *de retorno habendo* be awarded to the said defendant," is sufficient.

2. PRACTICE—*Cross-examination.*—While matters somewhat remote in their bearing upon the question at issue may properly be allowed by way of a liberal cross-examination, such matters are nevertheless largely within the discretion of the trial court.

3. TRIALS BY THE COURT—*Presumptions in Favor of the Findings.*— A trial court is entitled to the same benefit of the law in regard to findings of facts as a jury, and its findings will be sustained unless manifestly against the weight of the evidence.

4. FRAUD—*Failure to State Liabilities.*—In making a statement to a mercantile firm previous to purchasing goods it is not fraud *per se* to knowingly fail to state the liabilities of the person making the statement.

**Memorandum.**—Action of debt. In the Circuit Court of Livingston County; the Hon. THOMAS F. TIPTON, Judge, presiding. Declaration on a replevin bond; trial by the court; finding and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

APPELLANTS' BRIEF, N. J. PILLSBURY, ATTORNEY; B. F. JONES, OF COUNSEL.

Before a defendant in a replevin suit can recover more than nominal damages in a suit upon a replevin bond he must show a judgment for the return of the goods and chattels entered in his favor in the replevin suit. Manning

Luthy & Co. v. Kline.

v. Pierce, 3 Scam. 4; Hunter v. Sherman, 3 Scam. 539; King
v. Ramsey, 13 Ill. 619; Lammers v. Meyer, 59 Ill. 214; Vin-
yard v. Barnes, 124 Ill. 346; Bouvier's Law Dic., title, Writ
*pro Retorno Habendo.*

And as to certainty of judgment, see Peck v. Wilson, 22
Ill. 206; Martin v. Barnhardt, 39 Ill. 9; Faulk v. Kellums,
54 Ill. 188; Carpenter v. Sherfy, 71 Ill. 427; Scott v. Burton,
6 Tex. 322; 5 Am. Dec. 782.

A false statement by vendee of his financial condition,
made to obtain credit, will justify a rescission of contract of
sale by vendor made on credit upon faith of it.    Schweizer
v. Tracy, 76 Ill. 345; Farwell v. Hanchett, 120 Ill. 573; Reed
v. Pinney, 35 Ill. App. 610; Newell v. Randall, 32 Minn.
171; 1 Benj. on Sales, Secs. 659, 673.

Whether he intends to pay for the goods or not, is imma-
terial.    Judd v. Webber (Conn.), 11 Atl. Rep. 40; Collins
v. Cooley (N. J.), 14 Atl. Rep.

Attaching or execution creditors of a fraudulent vendee
are not innocent purchasers for value, and a sheriff holding
the goods under his writs in favor of creditors occupies no
better position than such vendees.    Schweizer v. Tracy, 76
Ill. 345; Farwell v. Hanchett, 120 Ill. 573; Butters v. Haugh-
wout, 42 Ill. 18; Ex parte Howe, 2 Paige (N. Y.) 225; Gib-
son v. Warden, 14 Wall. (U. S.) 249; Tousley v. Tousley,
5 Oh. St. 78.

APPELLEE'S BRIEF, G. W. PATTON, ATTORNEY; R. S. McILDUFF,
OF COUNSEL.

The mere suppression of facts as to his financial standing
by a purchaser of goods, is not fraudulent, unless his inten-
tion is to obtain possession of the goods and not pay for
them.    Henshaw v. Bryant, 4 Scam. 97; Morris & Lewis v.
Reticker, 27 Ill. App. 601.

The form of words used in the record of the judgment
introduced in this case is the one commonly used to express
the sentence of the law in awarding a return of the property
replevied.    Rankin v. Kinsey, 7 Brad. 215.

In Minkhart v. Hankler, 19 Ill. 47, the court uses the fol-

lowing language in reference to the sufficiency of a judgment, in general:

"Whatever language may be used in the record if it is apparent what the finding of the court was, and that finding is correct in law, a judgment will not be reversed because of the use of untechnical or inappropriate words."

This doctrine is reaffirmed in Mapes v. Scott, 94 Ill., page 385 of the opinion.

In Freeman on Judgments, Sec. 50, we find the following language: "I think, however, that from the cases, this general statement may be safely made : that whatever appears upon its face to be intended as the entry of a judgment will be regarded as sufficiently formal if it show, first, the relief granted, and, second, that the grant was made by the court in whose records the entry is written."

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit on replevin bond given by appellants to appellee, coroner of the county of Livingston, Luthy & Company being the principals and Ogden P. Bourland the security. The purpose of the bond was to fill the provisions of the statute to secure the appellee, the coroner of the county, and keep him harmless as against the sheriff. T. W. Coe, and the execution creditors of Benway & Kuntz, whose executions were in the hands of the sheriff, levied on a lot of wagons as the property of Benway & Kuntz, claimed by appellants, who had sold the same to Benway & Kuntz, dealers in general merchandise in Strawn, in Livingston county, Illinois.

The appellant, Luthy & Co., had sold the wagons to Benway & Kuntz, and had attempted to annul the sale for fraud on the part of Benway & Kuntz in making the purchase, and then had replevied the goods June 3, 1892. At the October term, 1893, of the Circuit Court, the replevin suit was dismissed for want of prosecution and judgment rendered against appellants for costs, and a writ of *retorno habendo* awarded for the wagons, but it appears that the

judgment fails to order, in exact words, that the defendant in the replevin suit "have and recover" the goods in question.

This suit was commenced on the replevin bond in question by appellee for the use of the sheriff for the benefit of the executions, held by him in favor of various parties to a large amount in the aggregate. It appears that Benway & Kuntz were utterly insolvent at the time the replevin suit was instituted.

Appellants pleaded to the cause of action title in the wagons in Luthy & Co., to all except nominal damages.

By agreement, the cause was tried by the court without a jury, and the court found the issues in favor of appellee, and assessed his damages at $832.50, to the value of the wagons to the amount of the judgment, in case the right of property in the wagons was in Benway & Kuntz or the sheriff. The appellants enter no complaint.

The appellants urge several objections to the validity of the judgment and the correctness of the decision of the court.

First. That the judgment is not in proper form rendered in the replevin suit, in that it fails to order a return of the property. Second. That the court erred in refusing to admit certain questions on cross-examination to be propounded to Benway. Third. The finding of the court is against the weight of the evidence. Fourth. The court erred in refusing to hold certain propositions of law asked for by appellants, to wit, Nos. 2, 3, 5, 6 and 7.

We are of the opinion that none of these points are well taken. We regard the form of the judgment in the replevin suit sufficiently technical and proper. It is true the court does not order in so many words that the defendant have and recover the property in question, but it does what we think amounts in substance to that, it enters the following order, to wit: "It is therefore considered and ordered by the court that a writ of *retorno habendo* be awarded to said defendant herein." The court considers from the fact of the dismissal of the suit, as a matter of law, that the defendant

is entitled to a return of the property, and orders that a writ issue for its return. No good purpose would be conserved by requiring a more technical rule, and we believe that such form of judgment is sustained by authority. Stevenson et al. v. Earnest, 80 Ill. 513; Rankin v. Kinsey, 7 App. 215; Morehead v. Yeazel, 10 App. 264; Minkhart v. Hankler, 19 Ill. 47; Shirtz v. First Nat. Bank, 47 App. 124.

The second objection made by appellants is that it was refused the right to cross-examine Benway by asking him " How many statements he had made previous to this statement to other firms." It is claimed that appellants had the right to ask this question in order to test his knowledge of the manner of making out statements, and to show that he was familiar with that kind of business, he having stated on his direct examination that he told Paul he knew nothing about it."

While this was rather remote in its bearing on the knowledge of the witness it might properly have been allowed by way of allowing a liberal cross-examination, but such matters are largely in the discretion of the trial judge and we do not think the refusal in this case would be sufficient error to cause reversal, if error at all. Besides counsel for appellant did not explain to the court the object of the question, and the court no doubt excluded the inquiry on the grounds that no other financial statement should be introduced to bear on the one in question; that such statements in themselves were not competent evidence.

Counsel for appellants made no effort to inquire into Benway's business experience which he might have done under proper limitations by the court.

As to the third point, on the question of the weight of the evidence, we think that the evidence reasonably supports the finding of the court.

The court is entitled to the same benefit of the law in regard to findings of facts as a jury, and its findings should be sustained, unless manifestly against the weight of the evidence. The mere fact that the financial statement was incorrect and did not show liabilities of Benway & Kuntz

does not itself constitute fraud and is not conclusive on that point.

If Benway's statement and explanation were entitled to credit then the court was justified in its decision.

He claims to have given it in just as Paul, appellants' agent, required, not knowing what was really necessary or required, and signed it without reading and without any intention to commit fraud on appellants or obtain goods on a false statement.

The subsequent conduct of Benway & Kuntz showed that they were not very desirous of obtaining the wagons and were not any more anxious to get them than appellant was to sell them. We can not say, all the evidence considered, that the court below found erroneously on the question of fraud.

As to the fourth and last point, we think that there was no error in refusing the propositions. The third proposition to the effect that it was fraud, *per se*, to knowingly fail to state liabilities, is not correct. Many things might excuse it and we think the court justified in finding it was not knowingly fraudulently made.

The other refused propositions as a rule were not applicable to the evidence. The fifth was that "the sheriff was not a *bona fide* holder of the goods against Luthy & Co. to rescind the contract of sale and recover the goods by replevin." It is insisted that the court by refusing this proposition, held that no matter what the evidence was, the title of the sheriff could not be attacked by appellants and that he occupied the position of an innocent purchaser of the goods in question for value. Even if the proposition were a correct statement of the law, the court was not necessarily in that attitude by refusing it. It would only be so in case it held affirmatively that the sheriff occupied the position of such purchaser. The court evidently did not try the case on the theory that the sheriff had any better title than Benway & Kuntz, as is plain from the propositions 8, 9, 10, 11, 12, 13, 14 and 15, held for appellant. Then again, the sheriff may have been such a *bona fide* holder, all the evidence con-

sidered, that Luthy & Co. could not maintain replevin for the goods. The proposition bears the construction that it holds the sheriff had no rights against a replevin suit of Luthy & Co., no matter what the proof.

The nineteenth proposition refused, required a finding of the court on the evidence for appellants, which, of course, involved matter of fact as well as of law, and the judge was not bound to give it.

Seeing no error in the record, the judgment of the Circuit Court is affirmed.