## H. R. Searing v. Joseph White.

58    81
98   ¹440

1. TRIAL BY THE COURT—*Conclusive on the Facts.*—A trial by the court where the evidence is conflicting, and a finding of the facts, are conclusive.

**Assumpsit,** for goods sold. Appeal from the Circuit Court of Williamson County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

CLEMENS & WARDER, attorneys for appellant.

HARTWELL, SPILLER & FOWLER, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT. The appellee recovered a judgment below for the value

of piling which he claimed to have furnished appellant. The latter claims he made the purchase of one Peterson, against whom he had a certain claim. The evidence discloses the fact that appellant and Peterson had been interested together in the purchase of chair timber, the former furnishing the money and the latter doing the buying. The appellant and Peterson had talked about buying piling, to which, at the time, appellant did not consent, but finally sent Peterson an order for some piling, at a price named. The latter saw appellee, and told him he could furnish it to Searing. White agreed to do so and did send the carload of piling. It was billed in Peterson's name, by Peterson. He was not directed to do so, however. Before the car was shipped, White saw Searing and told him that he was furnishing him one carload, to which Searing replied that was all right. When White asked for his pay, then Searing claimed he had purchased of Peterson and had a claim against him. Searing claims he did not know White in the transaction.

The questions involved in this case wholly relate to facts. No error of law is discussed. The case was tried before the court. While the evidence is somewhat contradictory and mixed, yet we think the evidence sustains the finding and judgment.

White evidently understood he was selling the piling directly to Searing. He so informed him before its delivery. If the evidence of White and Chamness was believed, Searing assented to that statement.

Searing knew Peterson had no money and had not been buying on his own account. They had been operating together. Peterson had been trying to get him to purchase piling, and when the order was sent might well have thought he had concluded to adopt the suggestion made. Peterson explains why the piling was sent in his name instead of Searing's or White's name. While such explanation is not very satisfactory, yet it may have been to the court below. Substantial justice has been done, and the judgment is affirmed.