440    APPELLATE COURTS OF ILLINOIS.

VOL. 87.] American Central Ins. Co. v. J. B. Henninger & Co.

## American Central Ins. Co. v. J. B. Henninger & Co.

1. INSURANCE—*Waiver of Proofs of Loss.*—Where an insurance company denies its liability, it waives proof of loss or defects in proofs already furnished and suit can be brought at once without such proofs.

2. SAME—*Waiver of Conditions in the Policy.*—Where an insurance company denies its liability for a loss under the policy such denial operates as a waiver of a provision requiring the policy holder to furnish a certificate of a magistrate or notary public stating that he had examined the circumstances of the fire and believed that the insured had honestly sustained loss.

3. PROPOSITION OF LAW—*Must be Submitted in Apt Time.*—Propositions of law not submitted to the court until after the decision has been rendered come too late.

**Assumpsit.**—On insurance policy. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

OWEN & OWEN, and WELTY & STERLING, attorney for appellant.

FIFER & BARRY, attorneys for appellees.

MR. JUSTICE HARKER delivered the opinion of the court.

This was an action of assumpsit on two fire insurance policies issued by appellant to appellee on a stock of boots and shoes at Leroy, Illinois. One policy was issued on the 2d and the other on the 11th day of May, 1899. The fire which caused the loss occurred early on the morning of the 12th of May. It was extinguished before the goods were totally consumed, but not until after they had been greatly damaged. The company denied liability and defended upon the following grounds:

1. The plaintiffs fraudulently misrepresented the value of the goods at the time the last policy was made.

2. The plaintiffs failed to comply with the requirements of the policies:

(*a*) In not furnishing proper proofs of loss, containing copy of descriptions and schedules in other policies;

American Central Ins. Co. v. J. B. Henninger & Co.

(*b*) In not furnishing an inventory showing cash value of each item of loss;

(*c*) In not furnishing a certificate of a magistrate or notary public stating that he examined the circumstances of the fire and believed that the insured had honestly sustained loss;

(*d*) In Henninger's refusal to submit to examination under oath touching the origin of the fire and the amount of loss.

(*e*) In refusing to produce for examination books of account, invoice and vouchers.

(3) The fire was caused by plaintiff Henninger for the purpose of causing loss.

4. The judgment is excessive.

A jury was waived and the case was tried by the court, who rendered judgment for the plaintiffs in the sum of $668.71, and from this judgment this appeal is prosecuted.

The value of the goods at the time of the application for the second policy may have been placed rather high by Henninger, but we are unable to say that there was such fraudulent representation in that particular as to render the policy void.

There is testimony in the record that appellant's adjuster, after making an examination, denied all liability and said that his company would pay nothing on the policies. The adjuster testified that he made no such statements. It was the peculiar province of the trial court to find the truth in the conflict, and we are not inclined to say that he erred in finding, as he did, that appellant denied all liability. Under that finding, it is immaterial whether proper proofs of loss were submitted or not. The rule is firmly established in this State that where an insurance company denies liability, it thereby waives proof of loss, and suit may be brought at once without such proof. Williamsburg City Fire Ins. Co. v. Cary, 83 Ill. 453; Mechanic's Ins. Co. v. Hodge, 149 Ill. 298.

Such denial also operates as a waiver of a provision requiring the insured to furnish a certificate of a magistrate or notary public stating that he had examined the circum-

442     APPELLATE COURTS OF ILLINOIS.

VOL. 87.] American Central Ins. Co. v. J. B. Henninger & Co.

stances of the fire and believed the insured had honestly sustained lost.

The same rule applies to the alleged refusal of Henninger to submit to an examination under the oath touching the origin of the fire and the amount of loss, and the refusal to produce for examination books of account, invoice and vouchers. As a matter of fact Henninger did submit to an examination under oath and was rigidly examined by the adjuster. The complaint seems to be that he would not submit to another examination. It is true, also, that proofs of loss were furnished, but appellant contends they were defective and did not fulfill the requirements of the policies. The rule of waiver above mentioned would apply to a case of defective proofs as well as to a case where there were no proofs of loss at all.

The chief contention, and doubtless the one that caused the adjuster to deny the liability of the company, is that Henninger started the fire.

The evidence shows that the stock of boots and shoes insured were kept on the west side of a store room lighted by electricity. On the other side of the room was a stock of notions owned by other parties than appellees. To the rear of the store room was a vacant room, separated from the store room by a board partition. On the night previous to the fire, appellees and a clerk were in the store, invoicing, until nearly twelve o'clock. Owing to the electric lights being stationary, it was found necessary to use a coal-oil lamp. The electric lights in the building burned all night and it is not known whether the lighted lamp was extinguished when the parties left the store. The chief evidences of the fire were in close proximity to the place where the lamp was used, and where it was found broken into a great many pieces. There were other evidences, such as the odor of coal oil, loosing of the wall paper, etc., indicating that the lamp exploded. Henninger left the building about twelve o'clock and returned between half past four and five o'clock in the morning. He at once discovered the fire and gave the alarm. There were several circumstances connected with his discovery of the fire and his

conduct calculated to subject him to suspicion. He offered in his testimony full explanation of them, however, and the trial court was in much better situation to pass upon his testimony than we are. We are not prepared to say that his explanation was not true and that the court below erred in not finding that he started the fire.

It is assigned for error that the court refused to hold as the law certain propositions submitted by appellant. The propositions were not submitted to the court until after the decision had been rendered. They came too late. A party desiring to have propositions of law passed upon by the court must submit them at the time the case is tried. They come too late after the court has announced a decision. Alleman v. Lumsden, 159 Ill. 219; Carlyle Water Co. v. City of Carlyle, 31 Ill. App. 325; London v. Mullens, 52 Ill. App. 410.

We see no reason for reversing the judgment. Judgment affirmed.