Tanton v. Slyder.

---

## T. O. Tanton v. W. E. Slyder, use of, etc.

1. JUDGMENTS—*Sufficiency in Replevin—Form, etc.*—A judgment in replevin in the following language, to wit—" And now the said plaintiff having been three times solemnly called, failed to appear, it is considered and ordered by the court that this cause be, and the same is hereby dismissed for want of prosecution, and that a writ of retorno habendo be and the same is hereby awarded. It is further ordered, adjudged and decreed by the court that said defendant do have and recover of and from the said plaintiff his judgment in the sum of one cent, as and for his damages herein, as by the court here found and assessed, together with all his costs and charges by him and in and about

this suit in his behalf expended, and that execution issue therefor,"—is sufficient to show an order for the return of the property replevied.

2. DAMAGES—*Elements of, in Suits on Replevin Bonds.*—Where property levied upon by virtue of several executions is replevied by a party claiming to be the owner, who, after the dismissal of the suit in replevin, fails to make return of the property in accordance with the award of a writ of retorno, it is proper, in assessing damages in a suit upon the replevin bond, to allow an amount sufficient to place the officer in the same condition that he was before the property was replevied, so as to give him power to perform his duty as he could have done it had the property not been taken from him.

Replevin.—Appeal from the Circuit Court of Livingston County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

ELLWOOD, MEEK & LOVETT and R. R. WALLACE, attorneys for appellant.

R. S. McILDUFF, attorney for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit upon a replevin bond brought by W. E. Slyder, coroner of Livingston county, for the use of W. O. Reed, sheriff, and J. C. Sumner, a constable of said county, against appellant and one Christina Boomgaarden. On August 20, 1897, Sumner, who was deputy sheriff as well as a constable, had levied upon certain property by virtue of an execution issued out of the Circuit Court against George Boomgaarden, husband of said Christina. At the same time, as constable, he levied upon different portions of the same property by virtue of two executions, one of which was older than the execution issued to the sheriff and the other junior thereto.

Mrs. Boomgaarden claimed the property and replevied it from the sheriff in whose hands it was, giving a replevin bond in the sum of $1,500, with appellant, Tanton, as surety thereon. At the January term, 1899, of the Livingston Circuit Court, she dismissed her suit and a writ of retorno habendo was awarded. She did not return the property,

however, and this suit was brought upon the bond. The declaration sets out the giving of the bond, the taking of the property by the coroner and delivery of the same to Mrs. Boomgaarden, the judgment against her, and failure on her part to make return of the same. Christina Boomgaarden made default, but appellant filed pleas, alleging that the writing obligatory sued on was not his deed; that he did not owe the sum claimed or any part thereof; that plaintiff was only entitled to nominal damages because there was no trial upon the merits in the replevin suit; that the goods and chattels were the property of Christina Boomgaarden; that said goods and chattels were the property of appellant and that there was no record of the supposed recovery or judgment, adjudging that said Reed should have returned the said goods and chattels in the declaration mentioned. Appellee afterward amended his declaration to include a count claiming attorney's fees as damages, and the pleas formerly filed were extended to such count. By agreement of parties on the trial in the court below, which took place at the January term, 1900, certain questions were submitted to a jury, and upon the return of their answer to such questions, the court proceeded to find the amount due. There was a judgment against appellant for $1,500 debt, to be satisfied upon the payment of $523.48 damages, from which Tanton appealed.

Appellant claims that no suit can be maintained on the bond for the reason that there was no judgment in the replevin suit, for the return of the property. The original judgment after the formal heading was as follows:

"Now on this day comes Herbert Powell, attorney for the plaintiff herein, and withdraws his appearance for the plaintiff herein. And now the said plaintiff having been three times solemnly called, failed to appear, it is considered and ordered by the court that this cause be and the same is hereby dismissed for want of prosecution and that a writ of retorno habendo be, and the same is hereby awarded. It is further ordered, adjudged and decreed by the court that said defendant do have and recover of and from the said plaintiff, his judgment in the sum of one cent as and for his damages herein, as by the court here found

and assessed, together with all his costs and charges by him, and in and about this suit in his behalf expended, and that execution issue therefor."

Afterward at the June term, A. D. 1900, of said Circuit Court, upon notice given to the parties, the judgment was corrected to show an order " that the defendant have and recover of and from the plaintiff, the return of the property taken under the writ of replevin" and later an attempt was made in vacation to amend the bill of exceptions by striking out of the judgment the said correction. It is unnecessary for us to consider the questions arising upon the amendment, as we are of opinion that the original judg- ment was sufficient to show an order for the return of the property.

In the case of Stevison v. Earnest, 80 Ill. 513, a judg- ment very similar to the one in question was under con- sideration. The order there was that " this cause be dis- missed at the plaintiff's costs, and that a writ of retorno habendo issue herein. It is therefore considered by the court that the defendants have and recover of the said plaintiff their costs and charges in this behalf by them expended, and that execution issue therefor." This judg- ment was upheld by the court, although it contained no order specifically directing the return of the property named in the writ.

A judgment similar in effect was sustained in Luthy v. Kline, 56 Ill. App. 314.

The first of the five questions submitted to the jury was, whether all the property named in the replevin writ offered in evidence in the case, was the property of Christina Boom- gaarden, at the time the replevin writ bears date. The evidence was brief, but from the statements of Mrs. Boom- gaarden herself, it fully appeared that certain of the prop- erty named in the writ was not hers, and the jury so found. This was the principal question to be determined by the jury, and the other findings by them naturally followed and were based upon the evidence.

The judgment as fixed by the court included the original judgments against George Boomgaarden, upon which the

levies aforesaid were made, and costs; also the defendant's costs in the replevin suit, including an attorney's fee, the amount of the latter having been fixed by the jury. The amount of the judgment was less than the total value of the property as determined by the court, upon the values fixed by the jury, after deducting the property found to belong to Mrs. Boomgaarden.

It is claimed by appellant that even if the amount of the execution issued from the Circuit Court was properly allowed, yet the constable's executions were not proper elements of damages. The record shows that two executions from justices of the peace were issued upon valid judgments. Had the sheriff retained the property and made sale of it, he would have had to first pay the execution from the justice of the peace, which was prior to his own. He would next have paid his own execution and then he must have paid the execution from the other justice, which was a lien, and had been levied on a portion of the property. Rev. Stat. Chap. 77, Sec. 51. The last execution was in fact a lien on all the property subject to the two former executions, even if no levy had been indorsed upon it.

We are therefore of opinion that it was proper to charge against appellant enough to place the sheriff in the same condition that he was before the property was replevied, and to give him the power to perform his duty in the same way he could have done it had the property not been taken from him. The executions issued by the justice were therefore properly included in assessing the damages. The judgment of the court below is accordingly affirmed.