## City of Chicago v. Henry Peck.

1. LEASE—*Execution of, Between a Private Citizen and the City of Chicago.*—A lease between a private individual as lessor and the city of Chicago as lessee, executed under the corporate seal of the city, signed by the mayor in his official capacity and approved by the chairman of the finance committee, is sufficiently executed for and on behalf of the municipality and is binding upon the city.

2. CITY OF CHICAGO—*Power to Lease Property for a Small-pox Hospital.*—Under the statute (R. S. Chap. 24, Sec. 62, Par. 78) empowering cities and villages to do all acts and make regulations which may be necessary or expedient for the promotion of health or the suppression of disease, the city of Chicago has the power to lease property and locate a small-pox hospital thereon.

3. PRACTICE—*When the Execution of a Lease Can Not be Denied.*—On the trial of an action in assumpsit for arrears of rent, to the declaration, to which is attached a copy of the lease sued upon, the defendant can not, under the plea of the general issue, not verified by affidavit, deny the execution of the lease.

4. SAME—*Proof of the Execution of an Instrument Sued On, under Pleas Not Verified.*—Where a party brings a suit in assumpsit against the city of Chicago, upon a lease, for arrears of rent, and the only plea of the city is the general issue, not verified, the plaintiff is not under the necessity of proving the execution of the lease by the city.

5. ULTRA VIRES—*Defense of, When to be Pleaded and Proved.*— When a municipal corporation seeks to avoid its contract on the ground of its want of power to contract, and the contract is not upon its face necessarily beyond the scope of its authority, such authority will be presumed, and in an action upon such contract, the defense of *ultra vires* must be both pleaded and proved.

6. LANDLORD AND TENANT—*When the Holding Becomes from Year to Year.*—Where a tenant ratifies his lease by the payment of rent for the original term and remains in possession after the expiration of that term without a new agreement, he becomes a tenant from year to year at the option of his landlord, upon the terms of the original lease.

7. SAME—*Presumption of Renewal Not to be Rebutted by the Tenant Alone.*—Where a tenant holds over after the expiration of his lease without a new agreement, the presumption is that he does so upon the terms of the original lease, and such presumption can not be rebutted by proof of a contrary intention on the part of the tenant alone.

8. TRIALS—*By the Court Without a Jury, Conclusive.*—Whether a tenant holds over after the expiration of his term is a question of fact, and when the evidence is conflicting and the trial is by the court without a jury, the finding will not be disturbed by an Appellate Court unless it is manifestly against the weight of the evidence.

Assumpsit, for arrears of rent. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge. presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 26, 1901.

CHARLES M. WALKER, Corporation Counsel, WILLIAM H. FITZGERALD, Assistant Corporation Counsel, attorneys for appellant.

CHURAN & SABATH, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a judgment rendered by the Circuit Court of Cook County in favor of the appellee against the appellant. The cause was submitted to the court, a jury being waived. The action is based upon what purports to be a lease claimed to have been made between the

parties, dated July 3, 1894. In and by the terms of this lease, the city of Chicago rented the premises therein described from the appellee for the term of twelve months, which term began on the first of May, 1894, and terminated April 30, 1895. The city took possession of the premises and paid the rent for the original term. The lease in question is signed by the appellee and is executed on the part of the city, as it is claimed, by the signatures as follows: "John P. Hopkins, Mayor. (Seal.) Approved, M. B. Madden, Chairman Finance Committee."

Evidence was introduced tending to show that after the expiration of the term mentioned in the lease, the city of Chicago continued in possession of the premises, and that said city did not surrender possession thereof, or offer to do so, for three years. Appellee claimed to be entitled to recover rental under the lease for three years after the expiration of the term therein mentioned; it being claimed that the city was liable under said lease by reason of said holding over. The lease provided that the city should immediately, upon the expiration of the term, restore the premises to the same condition in which they were at the time of their taking possession, and it was sought to recover damages for the alleged failure of the city to comply with this provision of the lease. This, however, the court refused to allow, and judgment was rendered in favor of the appellee for $7,000, being the rental for one year of the term, during which it was claimed the city remained in possession after the expiration of the original term, as provided in the written instrument.

It is contended that the alleged lease was not executed by appellant. The instrument was introduced in evidence. As before stated it is executed in behalf of the lessee as follows: "John P. Hopkins. (Seal.) Approved, M. B. Madden, Chairman Finance Committee." It states, however, that it is made "between Henry Peck, of the City of Chicago and State of Illinois, party of the first part, and the City of Chicago, in Cook county and State of Illinois, party of the second part." It is thus evident upon the face of the

instrument that its purpose was to bind the municipality. There is testimony in the record that Hopkins was mayor at the time, appellee's agent testifying that "in making the alleged lease he dealt with M. B. Madden, the chairman of the finance committee, and the mayor of the city of Chicago, Mr. Hopkins, and with the commissioner of health."

This evidence is not disputed, and it may be considered established that the instrument in question, purporting to be a lease to the city of Chicago, bore the signature and seal of the mayor of the said city, the lessee thereunder. We are of opinion that it sufficiently appears the lease was executed by the mayor for and in behalf of the municipality.

There would be no question of its proper execution if we consider an ordinance introduced in evidence passed April 30, 1894, making a special emergency appropriation of $100,000, for the establishment of additional small-pox hospitals, made necessary, as the ordinance states, by the spread of small-pox since the passage of the annual appropriation ordinance for that year. That ordinance authorizes the erection of such additional small-pox hospitals "as may be approved by the mayor and the finance committee of the city council." The lease in question was executed by the mayor and approved by the chairman of said finance committee and a small-pox hospital located thereon. There is no question that the city had power to rent premises for such a purpose. It is expressly empowered to do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease. Rev. Stat. Chap. 24, Sec. 62, par. 78.

It is, however, urged by appellant's attorneys that the lease in this case is not shown to have been entered into in accordance with the requirements of the statute; that the appropriation ordinances referred to as authorizing such a contract, are not by the evidence shown to have been passed by a yea and nay vote, nor to have been adopted by the requisite majority. See Chap. 24, Art. 3, section 13, and Art. 7, sections 2 and 3, Chap. 21, R. S.

It sufficiently appears, we think, that improvements in

the way of additional small-pox hospitals were made necessary by such a casualty or accident as a small-pox epidemic; at least the necessity is not questioned. It is, however, true, that while the objection was not specifically made to the introduction of the ordinances on that ground, nor is it intimated they were not in fact properly passed, yet appellee's counsel did not introduce the additional evidence showing compliance in the passage of the ordinance with the provisions of the statute referred to. Under the pleadings, however, the introduction of the ordinance was not, we think, necessary. The action is assumpsit, and to the declaration, to which was attached a copy of the lease, appellant pleaded the general issue, without verification. Sec. 33 of the Practice Act provides that "No person shall be permitted to deny, on trial, the execution or assignment of any instrument in writing, whether sealed or not, upon which any action may be brought, or which * * * is admissible under the pleadings when a copy is filed, unless the person so denying the same shall, if defendant, verify his plea by affidavit." Not having complied with this requirement, the appellant is not in a position to deny the execution of the lease in controversy. In City of Chicago v. English, 160 Ill. 476, on page 479, it is said in a case where a verified plea of *non est factum* was filed by the city in a suit upon a lease: "If the proof shows the execution of the instrument by the parties, the power to make it can not be questioned under the plea, and any other defense which would make it void or voidable must be specially pleaded." In the case at bar, the only plea being the general issue, appellee was not even under the necessity of proving the execution of the lease by the city. In the case of Bailey v. Valley National Bank, 127 Ill. 332, page 339, it is said: "It is clear to us that the plea referred to in the 33d section, and which the pleader must verify by affidavit before the plaintiff is put to proof in the first instance of the execution of the instrument, was some one of the pleas which at common law would be a denial of the plaintiff's right of recovery thereon." There was, we think, no error in admitting the instrument in evidence.

City of Chicago v. Peck.

It is contended that the evidence fails to show authority on the part of the mayor and finance committee to enter into the contract in question. But this defense, which would make the contract "void or voidable, must be specially pleaded." Chicago v. English, *supra*. In Encyclopedia of Pleading and Practice, Vol. 14, it is said :

"When a municipal corporation seeks to avoid its contract on the ground of its want of power to contract, and the contract is not upon its face necessarily beyond the scope of its authority, its authority to make such contract will be presumed, and in an action on the contract the defense of *ultra vires* must be both pleaded and proved."

In Brown v. Board of Education, 103 California, 531–534, it is said: "But surely, when a corporation seeks to avoid its own contract on the ground of its want of power to contract, it must make good its defense of *ultra vires* by plea and proof. A contract by a corporation which is not upon its face necessarily beyond the scope of its authority will, in the absence of proof, be presumed to be valid."

It is urged by appellant that, in any event, appellee has mistaken his remedy; that he should have proceeded by mandamus. It is argued in reply by appellee that no such objection was made in the trial court, and it is too late to raise it here for the first time on appeal. However that may be, under the pleading and proof, we do not consider the objection well taken.

It appearing, therefore, that the relationship of landlord and tenant has been established by the written lease, and by other evidence, the city was bound by the obligations thus assumed. It is shown by the evidence, and is undisputed, that the lease was ratified by payment of the rent for the original term. If appellant continued to hold over and remained in possession after the expiration of that term without a new agreement, it became thereby a tenant from year to year, at the option of the landlord, upon the terms of the original lease. In Clinton Wire Clothing Co. v. Gardner, 99 Ill. 151, it is said: "The legal presumption of a renewal from the holding over can not be rebutted by proof of a contrary intention on the part of the tenant alone."

Whether the appellant did so hold over was a question of fact, upon which the evidence was somewhat conflicting. The finding of the trial judge, acting in the place of a jury, will not, under these circumstances, be disturbed by an Appellate Court, unless manifestly against the weight of the evidence. Searing v. White, 58 Ill. App. 81; Louden v. Mullins, 52 Ill. App. 410. See also Luthy v. Kline, 56 Ill. App. 314.

We have examined the evidence with care, and find no sufficient reason to question the correctness of the finding.

We have not deemed it necessary to refer to every point raised in the rather voluminous briefs of counsel. It must suffice to say that we find no reversible error in the judgment, and it must be affirmed.