## The People of the State of Illinois for use of Max Hodash, Appellee, v. John E. Traeger et al., Appellants.

### Gen. No. 25,755.

1. .EXECUTION, § 77*—*what officer may levy.* The bailiff of the Municipal Court of Chicago may levy, under a senior execution issued on a judgment of that court, on and take property held by the sheriff under a junior execution issued on a judgment of the circuit court.

2. EXECUTION, § 65*—*when lien of execution has priority.* Executions become liens upon personal property of the judgment debtor when delivered to the officer for service, and when the property has already been seized under one execution, and several executions, whether issued out of the same court or delivered to the same officer or not, come ultimately into the hands of such levying officer before he makes a sale under the levy, he is bound to recognize the priority of the executions in the order in which they were delivered for service.

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Reversed and remanded. Opinion filed April 30, 1920.

THOMPSON, TYRRELL & CHAMBERS, for appellants.

EDELSON & TANNENBAUM, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an action of debt brought against the sheriff of Cook county and his bondsmen, the declaration alleging a disregard of duty in the failure of the sheriff to pay over to the beneficial plaintiff, Max Hodash, the net proceeds of the levy and sale of personal property made by the sheriff by virtue of an

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

execution issued upon a judgment of the circuit court of Cook county in favor of said Hodash. A general demurrer to defendants' special plea was filed and sustained. Defendants elected to stand by their plea, which set forth the following facts, all transpiring in the month of June, 1918:

On June 6 a judgment in favor of Hodash against I. J. Shure and others for $617.80 was rendered in the circuit court of Cook county. On June 7 a judgment in favor of Thompson & Company, a corporation, was rendered in the municipal court of Chicago against said I. J. Shure for $451.86, and on the same date execution thereon was issued and delivered to the bailiff of said court for service. On June 10 an execution was issued on the circuit court judgment and was delivered to the sheriff and levied by him on personal property of said I. J. Shure, situate in the City of Chicago. On June 11 a copy of the municipal court execution was handed to the sheriff by said company at the request of said bailiff with the direction and request that he apply the first proceeds of the levy and sale then being advertised under the circuit court execution to the municipal court execution. On June 20 the property was sold. The net proceeds, after deducting the costs and expenses, were $386.20, insufficient to satisfy either judgment in full, which was paid to Thompson & Company in partial satisfaction of its *fi. fa.*, so held by said bailiff, on which the sum so paid was credited.

The main question presented and argued is whether under such a state of facts the sheriff could lawfully recognize the municipal court execution. Under section 9, ch. 77, Hurd's Rev. St. (J. & A. ¶ 6755) each execution unquestionably became a lien on said personal property when it was so delivered for service. But appellee contends that the municipal court execution was ineffective without a levy thereunder, and that it was the duty of the bailiff to make a levy under

it, it being the senior execution, and take from the sheriff the property he held under the junior execution. That the bailiff might have done so is held in *Hanchett v. Ives,* 133 Ill. 332. But that he had such right does not settle the question of priorities under a state of facts as here, where, without exercising such right his execution, or a copy thereof, was handed before the sale to the officer who had already seized the property under another execution. We have examined the various authorities cited, but none of them presents a case wherein this precise state of facts arose. Both parties cite the case of *Rogers v. Dickey,* 6 Ill. (1 Gilm.) 636, which, as said in the *Hanchett* case, is understood to state the law of this state "as settling the rights of parties under executions issued from the various courts of this State, whether in the hands of the same or different officers." In the *Rogers* case it was said:

"The doctrine is, therefore, well settled in England, which this court is inclined to adopt: First, that where two or more writs of *fi. fa.* are delivered at different times, either to the same or different officers, and no sale is actually made of the defendant's goods, the execution first delivered must have the priority, though the first seizure may have been made on a subsequent execution."

And it was said in *Leach v. Pine,* 41 Ill. 65:

"When a sheriff has in his hands an execution, and levies upon property and reduces it into possession, he then has it in the custody of the law, and it is not essential to the lien of other executions in his hands at the time, or subsequently received, that they should be levied. The discharge of such a levy by the plaintiff in execution, or by the payment of the execution by the defendant, would not, in the least, change the liens of the executions in the hands of the sheriff and not levied."

This view of the law and construction of section 51, ch. 77, Hurd's Rev. St. (J. & A. ¶ 6798) was recog-

nized in *Tanton v. Slyder,* 93 Ill. App. 455, where in estimating what were the proper elements of damages to the sheriff from whom personal property was replevied after he had levied on the same under a circuit court execution, it was said:

"The record shows that two executions from justices of the peace were issued upon valid judgments. Had the sheriff retained the property and made sale of it, he would have had to first pay the execution from the justice of the peace, which was prior to his own. He would next have paid his own execution and then he must have paid the execution from the other justice, which was a lien, and had been levied on a portion of the property. Rev. St. ch. 77, sec. 51. The last execution was in fact a lien on all the property subject to the two former executions, even if no levy had been indorsed upon it."

Appellee calls attention to the fact that in the latter case the deputy sheriff and the constable were one and the same person, but the decision dealt with the officer in his capacity as sheriff only. Nor do we think the dual relation of the officer would affect the principle and policy of the law as above interpreted and broadly laid down in the language above quoted from the case of *Rogers v. Dickey.* As we understand the statute so interpreted, the executions become liens upon personal property of the judgment debtor when delivered to the officer for service, and that when the property has already been seized under one execution, and several executions, whether issued out of the same court or delivered to the same officer or not, come ultimately into the hands of the officer making such levy before making a sale thereunder, he is bound to recognize the priority of such executions in the order in which they were delivered for service. We therefore think the court erred in sustaining the demurrer.

Accordingly the judgment will be reversed and the cause will be remanded.

*Reversed and remanded.*

MR. PRESIDING JUSTICE MATCHETT and MR. JUSTICE GRIDLEY concur.