## LENA M. McCAULEY ET AL.
### v.
## HENRY W. ROGERS ET AL.

PURCHASE PENDENTE LITE.—A conveyance of property *pendente lite* must be taken subject to the rights of parties litigant.    The rule as to a purchase *pendente lite*, applies to the sale of personal property where the purchaser had actual notice of the pendency of the suit.

ERROR to the Superior Court of Cook county.    Opinion filed March 22, 1882.

Mr. H. T. GILBERT, for plaintiffs in error.

Mr. SAMUEL KERR, for defendants in error.

McALLISTER, J.    James McCauley, being the owner of certain personal property, part of which was an elevator and other buildings, situate upon land of which he held a lease, and all being in the town of Streator, La Salle county, in this State, August 6, 1879, executed a chattel mortgage thereon in the usual form, to Henry W. and James C. Rogers, the defendants in error, to secure them for money already, and to be advanced by them, to said McCauley, to be paid by the latter in thirty days after demand; such mortgage to be in force for the period of twenty-three months from its date, and which was duly acknowledged and recorded in said county.    The mortgagees having advanced thereunder some fifteen hundred dollars, demanded repayment, and McCauley having failed for thirty days, they, the mortgagees, December 24, 1880, took possession of the mortgaged property, and put their custodian in charge thereof.    In four days thereafter, McCauley, by means of a criminal warrant, which he swore out against said custodian, but which had no basis in fact, caused his arrest and removal, and then got into possession himself, and so remained.    In January, 1881, said mortgagees brought their bill in equity, in the Superior Court of Cook county, where they

resided, as well as said McCauley, making the latter a party defendant, to have said mortgage foreclosed. The court acquired jurisdiction of the person of the said defendant, by service of summons; besides he entered his appearance and filed his answer March 19, 1881, admitting the execution of the mortgage, but disputing the amount claimed to be due. While the suit was thus pending, James McCauley, July 22, 1881, confessed a judgment in the La Salle Circuit Court, to Lena M. McCauley, who was his daughter, residing in his family, and having actual notice of said proceedings to foreclose, in the sum of $3,073.60. November 2, 1881, a decree passed in the foreclosure suit, finding the equities with the complainants, and the amount due them from James Mc. Cauley to be $1,482.62, which he was directed to pay in thirty days, or in default thereof, Henry T. Steele, a master, etc., proceed to sell the property.

November 8, 1881, an execution was issued upon said judgment in favor of said Lena M., and delivered to the sheriff of La Salle county, who thereupon levied on said mortgaged property, and November 26 sold the same, the said Lena M. McCauley being the purchaser of a part, and one William A. Funk the residue, the sheriff delivering possession. Before said sale both the said Lena M. and said Funk had actual notice of said decree of foreclosure. December 20, 1881, said master in chancery having given notice of the sale, in pursuance to the directions in said decree, went to where the property was, and demanded possession of said parties; but they not only refused to give him possession, but on his endeavoring to take possession of it, they informed him that they should resist with whatever force was necessary. Submitting to the situation, the master, thereupon sold the property under the decree, the complainants therein being the purchasers for the sum of $605.00. He then filed his report of his doings, which the court confirmed.

December 28, 1881, the court made a rule on said Lena M. McCauley and William A. Funk to show cause why a writ of assistance should not issue against them on behalf of complainants in said decree, to put them in possession, to which they

appeared; and after hearing evidence by the respective parties, the court finding the above facts, held that said Lena M. and said Funk were purchasers *pendente lite*, that their title as such was subject to the rights of the complainants, and awarded the writ of assistance. Whereupon said Lena M. McCauley and William A. Funk, who were not parties to the bill of foreclosure upon that order, bring error to this court, and their counsel urges in their behalf for reversal of said order; that they, by their purchase at such sheriff's sale, had acquired an interest in said property, which gave them the right to contest the validity of said mortgage, as against the complainants in the foreclosure suit; that having such right as arising from their purchase, together with the possession, the effect of the order complained of, if carried into execution, would be to divest them of such right and possession, by means which did not amount to due process of law; wherefore, he insisted that complainants in the foreclosure suit should be put to their action of replevin, or some other appropriate action at law, in which a trial by jury might be had.

To our minds, there seems to be a radical fallacy underlying the entire position of the counsel; and it consists in the assumption that Lena M. McCauley and William A. Funk, acquired, by their purchase at the sheriff's sale, any right or interest which may be regarded as either paramount, equal, or even adverse to those of the complainants in the foreclosure suit. Taking into consideration all the circumstances, no plainer case than this could be presented for the just application of the doctrine which forms the basis of the legal maxim *pendente lite nihil innovetur*. Lena M. McCauley, in whose favor the judgment was confessed, and on which said execution issued, was the daughter of the mortgagor, the defendant in the foreclosure suit, and who confessed the judgment; she resided in the family of her father, and had actual notice of the pendency of such suit, and the proceedings therein. The judgment was confessed, intervening the time of his filing his answer in such suit, and the decree therein. It was for the large sum of upwards of three thousand dollars. There is not a word, or any instrument of evidence in the case, beyond the

mere fact of the judgment itself, that there existed any *bona fide* indebtedness from such father to his daughter in any amount. The decree of foreclosure was made November 2, 1881, and six days thereafter the said execution was issued, the said Lena M. and said Funk both having actual notice of the decree; the said Lena M. at the time it was entered, and said Funk before the execution sale.

No plainer case of a deliberate design to obstruct the course of justice, could be made out, than is here presented. Nor could there be one which would better illustrate the utility and wisdom of the doctrines on which said maxim rests, that during the litigation, nothing should be changed. Story says "It is a rule founded upon a great public policy; for otherwise alienations made during a suit, might defeat its whole purpose, and there would be no end to litigation. And hence arises the maxim, *pendente lite nihil innovetur:* the effect of which is not to annul the conveyance, but to render it subservient to the rights of the parties in the litigation. As to the rights of those parties, the conveyance is treated as if it never had any existence, and it does not vary them." 1 Story Eq. Jur. 406. Metcalfe v. Pulvertoft, 2 Ves. & B. 199; Gaskeld v. Durdin, 2 B. & Beatt. 169. The rule is also applicable in cases at law. In Coke Litt. 344, it is said, " At the common law, if hanging the *quare impedit* against the ordinary for refusing of his clerk and before the church were full, the patron brought a *quare impedit* against the bishop, and hanging the suit, the bishop admit and institute a clerk at the presentation of another, in this case, if judgment be given for the patron against the bishop, the patron shall have a writ to the bishop, and remove the incumbent that came in *pendente lite* by usurpation for *pendente lite nihil innovetur.*"

The rule also applies in certain cases, where the property which is the subject of the litigation is personal property; a notable exception being in favor of negotiable paper not past due. Freeman on Judgments, Sec. 194, and cases in notes. It unquestionably applies to a case like this, where the property is in the hands of persons who purchased with actual notice. The judgment confessed by the mortgagor *pendente lite*, was

good for nothing, as respected the rights of the complainants in the foreclosure suit.    Bishop of Winchester v. Beaver, 3 Ves. 314; Same v. Paine, 11 Ves. 194.    The pendency of the foreclosure suit gave the complainants an equitable lien on the property, of which they could not be divested by any subsequent levy or sale.    Thomas v. Southard, 2 Dana, 480.

Applying the rules herein enunciated strictly to the circumstances of this case, we are of opinion that the order of the court below, on which alone error is assigned, ought to be affirmed.

Affirmed.