People of the State of Illinois, ex rel. John T. Baker, et al., Plaintiffs-Appellants, v. Orlando W. Wilson, Superintendent of Police of the City of Chicago (in lieu of Timothy J. O'Connor, former Commissioner of Police), et al., Defendants-Appellees.

Gen. No. 48,496.

First District, First Division.

January 18, 1963.

Michael F. Ryan, of Chicago (Richard F. McPartlin, of counsel), for appellants.

John C. Melaniphy, of Chicago (Sydney R. Drebin and Marsile J. Hughes, of counsel), for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a mandamus proceeding, brought on behalf of 68 patrolmen employed by the Chicago Police Department, to compel the Superintendent of Police and the Chicago Civil Service Commission (defendants herein) to take proper steps to fill vacancies alleged to exist in the grade of sergeant of police. The trial court sustained defendants' motion to strike, denied the writ of mandamus, and dismissed the suit. Plaintiffs appeal.

The names of the plaintiffs appeared on a "promotional eligible register" for sergeant of police, posted by the Civil Service Commission on April 23, 1952. Five years later, on May 16, 1957, the original complaint for mandamus was filed, and on June 14, 1957, the original defendants moved to strike the complaint. Subsequently, amended and supplemental pleadings were filed by both sides, including party substitutions or additions. We need refer only to the final pleadings.

On January 14, 1960, plaintiffs filed their amended and supplemental complaint. On February 10, 1960, the Civil Service Commission cancelled the 1952 sergeants eligible list. On March 10, 1960, leave was

granted defendants to amend their motion to strike so as to allege the cause was now moot because of the cancellation.

In substance, plaintiffs contend that they are entitled to promotion to the grade of sergeant because (1) at least 200 vacancies exist in the grade; (2) defendants have the duty to fill these vacancies from names posted on the April 23, 1952, list; and (3) the plaintiffs' names are the only eligible ones remaining on the list.

■ Prior to the entry of the order dismissing the proceedings, the trial court, on January 23, 1961, filed a "memorandum opinion" which is part of the record before us. We have examined it and find that it contains an excellent discussion of all of plaintiffs' contentions, including numerous cases cited here in support of plaintiffs' appeal. The trial court indicated, and we agree, that the determinative question is whether the Civil Service Commission had the authority, during the pendency of the instant case, to cancel the sergeants eligible list posted on April 23, 1952. Our decision on this issue makes it unnecessary to consider plaintiffs' other contentions, since we believe the cancellation of the list rendered the cause moot.

The Civil Service Commission's power to cancel promotional lists appeared in section 10 of the Civil Service Act (Ill Rev Stats 1959, c 24½, § 48): "Said commission may strike off names of candidates from the register after they have remained thereon more than two years." Conceding this, plaintiffs contend: "If the head of a department or the Civil Service Commission may accumulate vacancies and destroy the rights of diligent qualified personnel to promotion, by the simple expedient of cancelling a list pendente lite, the door is open to discrimination and to a total disregard of the principles of the merit system defined by the Civil Service Act applicable." Plaintiffs argue that the analogy of the doctrine known as lis pendens should

be applied here; that the court having jurisdiction of the action is entitled to proceed to the final exercise of that jurisdiction; and "that it is beyond the power of any of the parties to the action to prevent its so doing by any transfer or other act made or done after the service of the writ or the happening of such other act as may be necessary to the commencement of lis pendens." Heckmann v. Detlaff, 283 Ill 505, 508, 119 NE 639 (1918); People ex rel. O'Connor v. Chicago, 299 Ill App 504, 20 NE2d 306 (1939).

█ We believe the doctrine of lis pendens to be inapplicable here, because "it is essential to the application of the doctrine . . . that the property involved in the litigation be of a character such as is subject to the doctrine." (25 ILP, Lis Pendens § 5.) The traditional view is that the doctrine applies only to real property, or to real property and some kinds of personalty. See 34 Am Jur 374–377. Civil service positions are in the nature of public offices, political in character, in which the holders "have no property right." People ex rel. Carter v. Hurley, 4 Ill App2d 24, 27, 123 NE2d 341 (1955).

Plaintiffs' contention is disposed of by Baldwin v. Hurley, 9 Ill App2d 532, 535, 133 NE2d 522 (1956), which held that when civil service commissioners strike off names of candidates from the register after they have remained thereon for more than two years, the list stands cancelled with respect to all whose names are stricken, even though the candidates whose names are stricken have litigation pending. In discussing plaintiffs' attempt, in the Baldwin case, to distinguish cancellation of a list subsequent to the filing of the complaint from cancellation prior to the institution of the suit, the court said:

"We are unable to find any merit in this distinction. A close examination of the cases clearly dis-

446

closes that a finding that the commission did have such authority was necessary to the ultimate disposition of the issues therein."

Plaintiffs attempt to distinguish Baldwin from the instant case by arguing that the instant case involves a question of "abuse" of the power to cancel a list. This distinction is not apparent on the facts of the two cases. We believe that Baldwin is directly in point here.

For the reasons stated, we conclude the trial court was correct in sustaining defendants' motion to strike. The judgment order appealed from is affirmed.

Affirmed.

BURMAN, P. J. and ENGLISH, J., concur.