407 F.2d 662
 Edward J. SUESS and Dorothy H. Suess, his wife,
Plaintiffs-Counter-Defendants-Appellants,
v.
Jack STAPP, individually and doing business as Stapp Oil
Co., and Evon Stapp, his wife,
Defendants-Counter-Plaintiffs-Appellees,
Union Oil Company of
California, a
corporation,
Defendant-Appellee.
 No. 16973.
 United States Court of Appeals Seventh Circuit.
 Feb. 27, 1969.
 
 Roscoe C. Nash, John B. Huck, Michael W. Ford, Chicago, Ill., for appellants, Chapman & Cutler, Chicago, Ill., of counsel.
 Samuel H. Young, Chicago, Ill., Ben A. Harper, Palatine, Ill., for appellees.
 Before HASTINGS, Senior circuit Judge, KILEY and CUMMINGS, Circuit judges.
 KILEY, Circuit Judge.
 
 
 1
 The district court decided that a notice of lis pendens under Illinois law is not supported by a suit for recission of a contract of sale of fractional oil leases and for imposition of a constructive trust upon proceeds of the oil purchased under the leases. The court ordered the notice cancelled. We reverse.
 
 
 2
 This is pendens question arose in plaintiffs' suit for recission-- of a contract involving oil leases-- which was brought under the Securities Act of 1933. Contemporaneously with filing their suit, plaintiffs filed notice of lis pendens in Richland County, Illinois, where the property subject to the oil lease is located. The Illinois lis pendens law[1] governs the availability of the lis pendens notice.
 
 
 3
 At the outset, the defendants Jack and Evon Stapp challenge the appealability of the district court judgment. We think, however, that the question raised by the court's ruling is of sufficient finality in this case to warrant our denial of defendants' motion to dismiss the appeal for want of a final order. In our view the lis pendens issue is substantially separate from the basic issue presented in the complaint and the judgment is final under28 U.S.C. 1291. From a practical viewpoint, nothing further in the basic suit can affect the validity of the notice. See Gillespie v. United States Steel Corp., 379 U.S. 148, 152-154, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 545-546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).
 
 
 4
 The nub of the complaint, as amended, is that the Stapps fraudulently induced plaintiffs to invest money in an oil lease, called the McCrory lease, and that Jack Stapp reinvested the money in another oil lease, called the McCormack lease, and that the Union Oil Company, driller and purchaser of the oil, is holding monies due the Stapps for sale of the oil.[2] The relief sought is recission of the sale, recovery of the consideration paid the Stapps, and imposition of a constructive trust upon proceeds of 'oil runs'-- payable to the Stapps-- in the hands of Union Oil Company, operator and purchaser of oil, under the McCormack lease allegedly purchased with plaintiffs' money.
 
 
 5
 The district court decided, on the Stapps' motion, to cancel the lis pendens notice, since it 'does not in any way' affect any right, title or interest in real property, as required by Illinois law. The court stated that plaintiffs Suesses had elected in their original complaint to sue for recission and thus disaffirm the contract. Accordingly, the court held, the Suesses could not avail themselves of the inconsistent contractual remedy, sought only in the amended complaint, of a constructive trust upon the money due the Stapps from Union for sale of the oil under the McCormack oil lease. The court stated that the trust remedy was pleaded to assist plaintiffs in the collection of money, and was not 'aimed directly' at the property, and that any money judgment recovered can become a lien on the Stapps' property when and if it is rendered.
 
 
 6
 We disagree with the district court's view that plaintiffs sought inconsistent remedies and, having elected to disaffirm the contract, had merely a suit for a money judgment. The court recognized that the suit stated a claim under the Securities Act on which relief could be granted and denied the Stapps' motion to dismiss plaintiffs' complaint. Plaintiffs argue that the constructive trust remedy sought traces the plaintiffs' purchase money into the McCormack lease to which it attached to the extent of the money, and that a trust is necessary to obtain more effective relief after recission of the contract has been granted. This, they argue, validates the notice of lis pendens.
 
 
 7
 In Deckert v. Independence Shares Corp., 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189 (1940), plaintiffs sought the legal remedy for fraud under the Securities Act and equitable relief as well against third party having assets of the alleged fraudulent vendor. The court of appeals reversed an order granting equitable relief on the ground that the Securities Act did not authorize equitable relief. The Supreme Court reversed and held that plaintiffs were entitled to maintain the suit which 'would normally be available to him' to enforce the liability. Id. at 288, 61 S.Ct. at 233. It is settled law that a constructive trust may be imposed even though a plaintiff may have a legal remedy for damages. See Coane v. American Distilling Co., 298 N.Y. 197, 81 N.E.2d 87 (1948), involving a trust on a 'substituted res.' We conclude that the district court erroneously decided that plaintiffs sought inconsistent remedies and were precluded from pursuing the constructive trust remedy because they had elected to pursue recission of the contract. See Brennan v. Persselli, 266 Ill.App. 441, 451 (1932), aff'd, 353 Ill. 603, 187 N.E. 820 (1933).
 
 
 8
 The issue now is whether a suit involving fractional interests in oil leases affects or involves real estate so as to render valid a notice of lis pendens.
 
 
 9
 The parties agree that the notice is not a lien but notice to subsequent purchasers of the pending suit and of a possible judgment which may become a prior lien. It does not operate as an injunction since it does not restrain sale, conveyance or purchase. It follows that Union Oil could have paid over to the Stapps the money due them, but at the risk that the judgment in the basic suit would be in favor of plaintiffs. This would subject Union Oil to the lien of the money judgment. There is no possibility of contempt liability as in an injunction. And accordingly there is little, if any, merit to the Stapps' contention that plaintiffs are using the notice of lis pendens to circumvent the denial of plaintiffs' motion for temporary injunction against the Stapps selling the property.
 
 
 10
 The district court denied plaintiffs' prayer for an injunction because plaintiffs could not provide a bond and defendants agreed in court not to transfer the notes given for the interests in the McCormack lease. At first blush it appears that plaintiffs are effectually achieving an unfair injunctive or attachment remedy without providing a bond to protect the Stapps who are being denied the use of the money due them, when in the end plaintiffs may not prevail. The appearance is deceiving only when sight is lost of the nature and purpose of lis pendens to inform subsequent purchasers. Plaintiffs' only security in filing the notice is that the third person will fear sufficiently that plaintiffs might win the suit and hold the res intact until judgment. If plaintiffs lose the basic suit, they are faced only with possible liability for costs of suit, leaving the Stapps and Union Oil to determine the issue, between them, concerning Union Oil's liability for vountarily withholding money due the Stapps because of the notice.
 
 
 11
 We disagree with the court that the lis pendens notice is invalid because the suit does not affect or involve real property. The Stapps rely upon Chicago, Wilmington & Franklin Coal Co. v. Minier, 127 F.2d 1006, 1009 (7th Cir. 1942); Loudon v. Mullins, 52 Ill.App. 410, 414 (1891); and the majority rule stated in 34 Am.Jur., Lis Pendens 15-18 (1941), to support their contention that since the aim of the basic suit here is recovery of money and is not directed at the specific McCormack property, the notice is invalid.
 
 
 12
 None of these authorities is helpful to the Stapps. In Minier, this court decided that rights to oil and gas did not necessarily cover the rights to the surface land above the deposits of the minerals. In Loudon, a damage suit arising from flooding of land, the Illinois Appellate Court decided, in dictum, that the common law lis pendens had no application in the 'trespass quare clausum fregit' action. There the necessity that plaintiffs formally request that defendants, subsequent purchasers while the suit was pending, remove the nuisance, was held to be not obviated by notice of lis pendens. Neither of these cases decided, nor even considered the crucial question in this case, namely whether or not an oil leasehold constitutes real property.
 
 
 13
 The majority rule is that a suit for recovery of securities, money, or articles of ordinary commerce will not support a notice of lis pendens, although suits affecting real property or other personal property will support the notice. 34 Am.Jur., Lis Pendens 15-18 (1941). An Illinois Appellate Court in People ex rel. Baker v. Wilson, 39 Ill.App.2d 443, 189 N.E.2d 1 (1963), cited the majority rule and it is apparent that Illinois does not consider the lis pendens doctrine limited to real estate. See also McCauley v. Rogers, 10 Ill.App. 559 (1882), where the lis pendens doctrine was applied against an intervening judgment creditor pending foreclosure of a chattel mortgage. No Illinois case has been cited which holds that the statutory lis pendens notice covers only real estate.
 
 
 14
 Oil and gas leaseholds are freehold estates in Illinois, Fowley v. Branden, 4 Ill.2d 355, 122 N.E.2d 559 (1955). We think, therefore, that plaintiffs' suit has both the nature of a suit in equity and an effect on real property. True, the suit does not directly affect the leasehold estate. But plaintiffs' suit seeks a constructive trust on proceeds from an oil lease. When income from an estate in the hands of third persons may be subjected to a trust, the estate is affected indirectly. At least until payment, any judgment for plaintiffs aided by the proceeds affects the leasehold's value.
 
 
 15
 We hold that plaintiffs' suit affects real estate and supports the notice of lis pendens and that the district court erred in ordering the notice cancelled.
 
 
 16
 Reversed.
 
 
 
 [1]
 Ill.Rev.Stat., Ch. 22, 53 (1967) provides in pertinent part:
 Every condemnation proceeding, suit in equity, proceeding to sell real estate of decedent to pay debts, or other suit in the nature of suits in equity, affecting or involving real property shall, from the time of the filing in the office of the recorder of deeds in the county where the real estate is located of a notice * * * setting forth the title of the cause, the parties to it, the court where it was brought and a description of the real estate, be constructive notice to every person subsequently acquiring an interest in or a lien on the property affected thereby, and every such person * * * shall, for the purposes of this Act, be deemed a subsequent purchaser and shall be bound by the proceedings to the same extent and in the same manner as if he were a party thereto. * * *
 
 
 [2]
 In an amended complaint, Union Oil Company was made an additional defendant upon allegations that it is holding funds in which plaintiffs claim an interest. It filed a stakeholder's answer stating it had impounded the money due defendant Evon Stapp pending determination of this suit