Charles Butts, Plaintiff-Appellant, v. The Civil Service Commission of the City of Aurora, County of Kane, George C. Trumper, Chairman, Nick Womack, Secretary, Carl F. King, Jr., William Kleckner, Burton Reynolds, and Michael Sestack, Members, Defendants-Appellees.

Gen. No. 68–167.

Second District.

April 17, 1969.

Redman, Shearer & O'Brien, of St. Charles, for appellant.

David P. Peskind, of Aurora, for appellees.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

On March 3, 1967, the plaintiff, a member of the Aurora City Fire Department, filed his complaint for mandamus against the Civil Service Commission of the City of Aurora and the individual members thereof. The complaint alleged that on November 26, 1963, the plaintiff took a competitive promotional test conducted by the Commission for the purpose of establishing an eligibility list for promotion to the rank of lieutenant within the Department. On December 4, 1963, the secretary of the Commission forwarded the results of the test to the City with a certified eligibility register. As a result of his score on the test, the plaintiff ranked 11th on the list for promotion.

On January 18, 1966, the Commission posted a new promotion register in all fire stations that furnished the results of another competitive test, apparently given in November, 1965. The notice included the following statement:

"The above scores and positions are subject to change with military preference points added. Those who have qualified military preference points and wish to apply them to their score must request this in writing, and must furnish the Commission a copy of their military discharge papers along with their written request before 5:00 p. m., January 31, 1966."

The plaintiff alleged that this notice informed him for the first time of his right to preference as a military veteran and that he then made numerous demands that the Commission add his preference points to the results of the 1963 test but that they "failed and refused" to do so. On April 14, 1966, the Commission certified the new eligibility list to the City that included the plaintiff with preference points added to his final grade.

The complaint further alleged that the Commission had the mandatory duty to apply the military preference points to the 1963 list under the provisions of section 10–1–16 of Article 10 (EMPLOYEES AND EMPLOYMENT) of chapter 24 of the Ill Rev Stats and asked the trial court to "enter its Order of Mandamus directing the Civil Service Commission of the City of Aurora, Illinois, to amend the eligibility list as filed on December 3, 1963, and promote him to the grade of lieutenant retroactively as of the date of which his appointment would have been made had the Commission carried out the mandate of the statutes provided herein."

On July 26, 1968, the day set for trial, the court, on its own motion, dismissed the complaint on the grounds that the 1963 eligibility list had been superseded by the 1966 list and that therefore the question was moot.

Section 10–1–13 of article 10 (Ill Rev Stats, c 24, § 10–1–13) provides that vacancies in certain classified municipal services shall be filled by promotion, where practicable, and that the civil service commission shall conduct competitive examinations to determine the qualifications of those who seek promotion. The results of those examinations are to be certified by the commission and submitted to the proper appointing power of the municipality in the form of registers listing all applicants who attained the minimal grade required in order of relative excellence.

Section 10–1–16 provides that "The civil service commission shall give preference for promotional appointment . . ." to those persons who were engaged in the military or naval service of the United States during certain designated periods of time ". . . whose names appear on existing promotional eligible registers or promotional eligible registers that may be created . . ." by adding points based on the length of such military or naval service to the examination grades. The section also states that "The numerical result thus attained shall be

applied by the civil service commission in determining the position of such persons or any eligible list which may have been created or will be created as the result of any promotional examination held hereunder for purposes of preference in certification and appointment from such eligible list." It further provides that "Such preference shall be given after the posting or publication of any eligible list or register resulting from said examination and before any certifications or appointments are made from such list or register."

The plaintiff contends that under the provisions of section 10–1–16 the commission had the mandatory duty to add his military preference points to the grade attained on the November 3, 1963, examination before it certified the results. He contends further that the failure of the commission to carry out this mandate was culpable negligence and deprived him of the vested right given him by the State to a preferred position on the eligible list.

■ The language contained in those sections of the statute that we have quoted make it apparent that the legislature intended to confer certain benefits to veterans in civil service employment, benefits that are not subject to the discretionary control of a civil service commission. The person entitled to such benefits is entitled as a matter of right granted to him by the General Assembly of the State of Illinois and not as a privilege extended by a local community or commission. It does not necessarily follow, however, that the commission must automatically credit any applicant for appointment or promotion with his military preference points. It would rather appear that the person entitled to the right of preference as a veteran must affirmatively assert it to the commission. Another portion of section 10–1–16 states:

"No person shall receive the preference for a promotional appointment granted by this section after he has received one promotion from an eligible list

261

on which he was allowed such preference and which was prepared as a result of an examination held on or after September 1, 1949."

Since the right to preference can be used to advantage only once, the person entitled to the right should retain the power to choose when it should be used. A career employee would naturally choose to utilize his right only when it would be crucial for his advancement. If he had scored so high in a competitive examination that the addition of preference points would be superfluous, he would obviously defer the exercise of his right for some future, more crucial, use. If the commission were to automatically add the preference points to the examination score, it could deprive the veteran of this critical power of choice. The logic of this interpretation is reinforced by consideration of the provision that the preference is to be given only after the examination results have been posted or published. It is clear that the purpose of this requirement is to permit the veteran the opportunity to decide whether or not he should exercise his right. If the preference was to be automatically given by the commission, there would be no need for a publication of the examination results without the addition of preference points. We, therefore, conclude that it would have been improper for the commission to give preference to Butts on his 1963 test without his prior request.

The plaintiff also asserts that the commission had the duty to at least inform him of his right to preference prior to the certification of earlier register. There is nothing in the statutes to indicate that the commission had such a duty. Section 10–1–16 was added to Article 10 by amendment on June 17, 1963, and it would appear that the commission, in November, 1963, was as ignorant of its enactment as was the plaintiff.

As we have seen, the prayer in the plaintiff's complaint asked that the eligibility list filed on December 3, 1963, be "amended" to reflect his standing with

262

preference points included, and also that the commission "promote him to the grade of lieutenant." The commission has no authority to appoint, but only to conduct competitive examinations and certify the results to the body possessing the power of appointment. In any event, section 10–1–16 gave Butts, and other qualified veterans, the right to preferred positions on eligibility registers if requested, but certainly does not grant to anyone a vested right to a civil service appointment. A civil service position is in the nature of a public office, not a property right. People ex rel. Baker v. Wilson, 39 Ill App2d 443, 189 NE2d 1; People ex rel. Carter v. Hurley, 4 Ill App2d 24, 123 NE2d 341.

It is axiomatic that the remedy of mandamus is an extraordinary one and should be used only where the defendant has a clear duty to perform some act which he has failed or refused to do. People ex rel. Iasello v. McKinlay, 409 Ill 120, 98 NE2d 728; People v. City of Chicago, 382 Ill 500, 48 NE2d 329. Here, the defendant civil service commission not only had no duty to promote the plaintiff to the rank of lieutenant but clearly no power to do so. Likewise, the commission had no authority to grant preference to the plaintiff on the eligibility registers without his prior request. Since the plaintiff did not so request until the 1963 register was superseded by the 1965 list, the commission obviously could not carry out his request. Under the circumstances, the action of the trial court was entirely proper and should be affirmed.

Affirmed.

DAVIS and SEIDENFELD, JJ., concur.